UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GLENN L KINGHAM, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 3:14-CV-197 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Glenn L. Kingham, an inmate at the Galveston County Jail, seeks habeas corpus relief from a May 29, 2014, conviction in County Court at Law No. 3 in Galveston, Texas. After careful review, the Court concludes that the petition must be dismissed for failure to exhaust state remedies. Under the Antiterrorism and Effective Death Penalty Act of 1996, any prisoner seeking federal habeas relief must have exhausted state court remedies with respect to every claim in the federal petition. 28 U.S.C. §2254(b)(1). Petitioner states in his petition that he has not sought relief in state court because he is seeking the quickest relief possible. Petitioner's reasoning is futile. A bedrock principle of federal habeas corpus jurisprudence is the doctrine of exhaustion of state court remedies as a prerequisite to federal relief. *See Sonas v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Texas prisoners seeking federal habeas relief must exhaust state remedies through one complete cycle of either state direct appeal or post-conviction collateral proceedings. *See Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004). Because petitioner has failed to exhaust his claims in state court, this petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. §2253, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition. This Court will grant a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). The exhaustion requirement for federal habeas corpus relief is well established; therefore, the Court concludes that jurists of reason would not debate the correctness of the procedural ruling in this case. Accordingly, a certificate of appealability will not issue.

For the foregoing reasons it is **ORDERED**:

1. The petition for writ of habeas corpus is **DISMISSED** without prejudice for failure to exhaust state court remedies.

2. A certificate of appealability is **DENIED.**

SIGNED on this 26th day of June, 2014.

_____
Kenneth M. Hoyt
United States District Judge